Judge Buckner,
delivered the opinion of the court.
This was an action of covenant instituted by the plaintiff, in the Madison circuit court, against the defendant in error, on the trial of which, a verdict was rendered, for MeQuie, for $2,143 33 cents in damages, at the March term of the court, in the year 1827. Upon the motion of the defendant, a new trial was granted; and at a subsequent term of the court, MeQuie obtained a second verdict for $‘2,170.
To the opinion of the court granting a new trial, the plaintiff excepted, and lias brought the case to this court, upon a writ of error, insisting that it was erroneous to grant the new trial.
From the bill; of exceptions, it appears that the opinion of the court was based upon the affidavits of the defendant, and of Watts. Watts’ affidavit, however, is not copied into the record; the clerk having certified that it is not on file. In McQueen’s, it is stated, ¡hat Thomas March is the only witness, by whom he *301 could prove a full performance of all the covenants contained in the writing V/hich is made the foimdation of the action; that the said March had left this for New Orleans, about the 1st of February, 1827, without his knowledge, and had not returned; but that he was informed he would return by the term of the court next thereafter; and that by him,he believed he could prove a complete compliance with the covenant sued on. He states further, that the cause was tried and the verdict rendered against him on Wednesday; that on the preceding Monday, he attended the court, and upon application to counsel was informed, there was no danger of the cause being reached on the docket, earlier than Wednesday; as there were from fifty to sixty causes standing for trial before it; that he started to Lexington early on Tuesday morning, intending to return in time to make application for a continuance of the suit, on the ground of March’s absence from the State,' and his inability to ayail himself of the benefit of his testimony, and would have been able, easily, to have accomplished his object, had he not been prevented by the following accident. Near Lexington, his horse was taken sick and suddenly died. He immediately made exertions to procure another, but could not succeed in getting one, qntil Wednesday morning, when he returned, but the horse which he had hired, failed on the road, and he was unable to reach his home, which is six miles from Richmond,.in Madison county, on the road from that place to Lexington, until after sunset, on Wednesday; the verdict-having been previously rendered on that day.
A proper vigo. 1 asuit Sr'requireshfe attendance because a stands for tri£nd that thereafter absent himself ™der s"ch “/to Scurthc danger of a Kial ,of Jt>in his absenne.
We look upon it as unnecessary, to enter into a critical examination of the statements of this affidavit, and to decide whether they would, unaided by any other proof, be sufficient to justify the opinion of the court, in awarding a new trial. A proper vigilance on the part of a suitor, requires his attendance at court, on the day that his cause stands for trial; and that he should not thereafter absent himself under such circumstances, as to incur the danger of a trial of it in his absence. If he chooses to rely upon the opinion of his lawyer, or any one else, that he may safely do so, and it eventuates unfortunately for him, he must abide the consequences. In this case, however, the affidavit exhibited grounds of defence, and shewed so clearly *302 the riiatcriality of March’s testimony, that the cause ought,'under all the circumstances of the case, to have continued, if an application for that purpose had been made.
This court will not, upon ofPthetiaroofW exhibited to the inferior sume4’that it errerl’in its judgment.
Turner, for plaintiff; Crittenden, for defendant.
Whether it was inexcusable negligence on the part of McQueen to go to Lexington, where he may have had urgent business, allowing himself full time to re-^urn V the time that the cause would probably be, and was actually tried, we shall not decide; because the affidavit of Watts, which was used on the motion ^01' ^le new trial, is not before us. We cannot, therefore, say what it contains. It may have developed additional circumstances, fully justifying the opinion of the circuit court; and we will not presume upon a partial view of the proof, upon which that court acted, that an error was committed; we should rather presume, that it acted correctly.
The judgment of the circuit court, must therefore, be affirmed with costs.